UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MARK BOWEN, <br><br> Plaintiff, <br><br> v. <br><br> DITECH FINANCIAL, LLC f/d/b/a GREEN TREE SERVICING, LLC, and FEDERAL NATIONAL MORTGAGE ASSOCIATION. <br><br> Defendants. | Civ. Action. No.2:16-CV-00195 JAW |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Ditech Financial LLC ("Ditech") f/k/a Green Tree Servicing LLC ("Ditech") and Federal National Mortgage Association ("Fannie Mae") (collectively "Defendants") respond pursuant to M.R.Civ.P. 8 to the complaint as follows.

### I. INTRODUCTION

The Introduction is an unnumbered paragraph to which no response is required.

### II. JURISDICTION AND VENUE

1. Paragraph 1 sets forth a conclusion of law to which no response is required.

2. Paragraph 2 sets forth a conclusion of law to which no response is required.

3. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3.

4. The Defendants admit that Ditech is a Delaware limited liability company with a place of business in Rapid City, South Dakota. The Defendants deny the remainder of the allegations set forth in paragraph 4.

1

5. Defendants admit that Green Tree Servicing LLC merged with Ditech. The Defendants deny the remainder of the allegations set forth in paragraph 5.

6. Defendants admit that Ditech assumed the servicing rights of the Bowen loan. The Defendants deny the remainder of the allegations set forth in paragraph 6.

7. This paragraph defines certain terms and therefore no response is required.

8. The Defendants admit that effective June 1, 2013 Ditech has been servicing the Bowen loan. The Defendants deny the remaining allegations in paragraph 8.

9. The Defendants admit that Fannie Mae owns the loan. The remaining allegations in paragraph 9 are denied.

10. The Defendants admit the allegations set forth in paragraph 10.

11. The Defendants admit that Fannie Mae retained Ditect to service the Bowen Loan. The remaining allegations in paragraph 11 are denied.

12. Paragraph 12 sets forth a conclusion of law to which no response is required. To the extent a response is required, the allegations are denied.

13. Paragraph 13 sets forth a conclusion of law to which no response is required. To the extent a response is required, the allegations are denied.

14. The Defendants deny the allegations set forth in paragraph 14.

15. The Defendants admit that Ditech is a servicer and a portion of its business is related to the administration of residential home loans including the issuing of monthly statements and receiving monthly payments. The Defendants deny the allegations set forth in paragraph 15.

ME1 22587866v.1

16. The Defendants admit that Ditech is a servicer of residential home loans and it provides services related to foreclosures. The Defendants deny the remaining allegations set forth in paragraph 16.

17. The Defendants admits that Ditech is a servicer of residential home loans and uses the mail and telephone to communicate with borrowers. The Defendants deny the remaining allegations set forth in paragraph 17.

18. Paragraph 18 sets forth a conclusion of law to which no response is required. To the extent a response is required, the allegations are denied.

## IV.    FACTS

19. The Defendants admit the allegations set forth in paragraph 19.

20. The Defendants admit the allegations set forth in paragraph 20.

21. The Defendants admit that the Mortgage was assigned to BAC Home Loan Servicing, LP by virtue of an assignment dated June 18, 2013 and recorded in the Androscoggin County Registry of Deeds in Book 8185, Page 224. The Defendants deny the remainder of the allegations set forth in paragraph 21.

22. The Defendants admit that the Mortgage was assigned to Green Tree Servicing LLC by virtue of an Assignment of Mortgage dated June 18, 2013 and recorded in the Androscoggin County Registry of Deeds in Book 8711, Page 121. The Defendants deny the remainder of the allegations set forth in paragraph 22.

23. The Defendants admit that in 2012 Bowen defaulted under the terms of the loan then serviced by Bank of America. The Defendants deny the remaining allegations set forth in paragraph 23.

24. The Defendants admit the allegations set forth in paragraph 24.

25. The Defendants state that the Trial Period Plan speaks for itself. To the extent the allegations in paragraph 25 are inconsistent with the terms and conditions of the Trial Period Plan, those allegations are denied.

26. The Defendants state that the Trial Period Plan speaks for itself. To the extent the allegations in paragraph 26 are inconsistent with the terms and conditions of the Trial Period Plan, those allegations are denied.

27. The Defendants admit the allegations set forth in paragraph 27.

28. The Defendants admit that on or about May 30, 2013, Bank of America issued a Fannie Mae Loan Modification agreement. The Defendants state that the Fannie Mae Loan Modification agreement speaks for itself. To the extent the allegations in paragraph 28 are inconsistent with the terms and conditions of the Fannie Mae Loan Modification agreement, those allegations are denied.

29. The Defendants admit the allegations set forth in paragraph 29.

30. The Defendants admit that Green Tree filed an action to foreclose against Mark Bowen and Nancy Lagerson in the Superior Court for the State of Maine, Docket No. AUSBSC RE 2014-00044. The Defendants deny the remaining allegations set forth in paragraph 30.

31. The Defendants admit that on or about January 5, 2015, Bowen amended his answer and included counterclaims. The Amended Answer and Counterclaims speak for themselves. To the extent the allegations set forth in paragraph 31 are different than those set forth in the answer and counterclaim, those allegations are denied.

32. The Defendants admit the allegations set forth in paragraph 32.

33. The Defendants admit the allegations set forth in paragraph 33.

34. The Defendants admit the allegations set forth in paragraph 34.

ME1 22587866v.1

35. The Defendants admit the allegations set forth in paragraph 35.

36. The Defendants admit the allegations set forth in paragraph 36.

37. The Defendants state that the mortgage statement dated June 15, 2015 speaks for itself. To the extent the terms and conditions of the mortgage statement are inconsistent with the allegations in the complaint, those allegations are denied.

38. The Defendants admit the allegations set forth in paragraph 38.

39. The Defendants state that the Mortgage Statement dated July 14, 2015 speaks for itself. To the extent the terms of the Mortgage Statement are inconsistent with the allegations in paragraph 39 those allegations are denied.

40. The Defendants admit the allegations set forth in paragraph 40.

41. The Defendants admit the allegations set forth in paragraph 41.

42. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 42.

43. The Defendants admit that Bowen submitted a letter dated August 3, 2015 to Ditech, that the letter represented that it was a "Qualified Written Request" and included a "Notice of Error" and "Request for Information." In further responding, the Defendants state that the letter speaks for itself. To the extent the terms of the letter are inconsistent with the allegations in paragraph 43 those allegations are denied.

44. The Defendants state that the Mortgage Statement dated August 14, 2015 speaks for itself. To the extent the terms of the Mortgage Statement are inconsistent with the allegations in paragraph 44 those allegations are denied.

45. The Defendants admit that Ditech issued a letter dated August 20, 2015 in response to the letter issued by Bowen. In further responding the letter speaks for itself. To the

extent the terms of the letter are inconsistent with the allegations in paragraph 45 those allegations are denied.

46. The Defendants deny the allegations set forth in paragraph 46.

47. The Defendants admit the allegations set forth in paragraph 47.

48. The Defendants state that the Mortgage Statement dated September 7, 2015 speaks for itself. To the extent the terms of the Mortgage Statement are inconsistent with the allegations in paragraph 48 those allegations are denied.

49. The Defendants state that the Mortgage Statement dated October 7, 2015 speaks for itself. To the extent the terms of the Mortgage Statement are inconsistent with the allegations in paragraph 49 those allegations are denied.

50. The Defendants admit the allegations set forth in paragraph 50

51. The Defendants admit the allegations set forth in paragraph 51.

52. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 52.

53. The Defendants admit that Bowen issued a letter dated November 3, 2015. The letter speaks for itself. To the extent the terms of the letter are inconsistent with the allegations in paragraph 53 those allegations are denied.

54. The Defendants admit that Bowen issued a letter dated November 3, 2015 and requested relief under the Maine Unfair Trade Practices Act. The Defendants further respond by stating that the letter speaks for itself. To the extent the terms of the letter are inconsistent with the allegations in paragraph 54 those allegations are denied.

55. The Defendants state that the Mortgage Statement dated November 7, 2015 speaks for itself. To the extent the terms of the Mortgage Statement are inconsistent with the allegations in paragraph 55 those allegations are denied.

56. The Defendants admit the allegations set forth in paragraph 56.

57. The Defendants state that the screen shot print out speaks for itself. To the extent the terms of the screen shot print out are inconsistent with the allegations in paragraph 57 those allegations are denied.

58. The Defendants admit that Ditech issued a letter dated December 9, 2015. The Defendants state that the letter speaks for itself. To the extent the terms of the letter are inconsistent with the allegations in paragraph 58 those allegations are denied.

59 The Defendants deny the allegations set forth in paragraph 59.

60. The Defendants admit that Ditech issued an Annual Escrow Disclosure Statement dated January 25, 2016. The Escrow Statement speaks for itself. To the extent the terms of the Escrow Statement are inconsistent with the allegations in paragraph 60 those allegations are denied.

61. The Defendants admit that Ditech issued an Annual Escrow Disclosure Statement dated January 25, 2016. The Escrow Statement speaks for itself. To the extent the terms of the Escrow Statement are inconsistent with the allegations in paragraph 61 those allegations are denied.

62. The Defendants admit that Bowen issued a demand letter dated February 10, 2016. The demand letter speaks for itself. To the extent the terms of the Escrow Statement are inconsistent with the allegations in paragraph 62 those allegations are denied.

63. The Defendants admit that Ditech received the demand letter. The Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations set forth in paragraph 63.

64. The Defendants admit that the February payment was placed in an unapplied funds account. The Defendants deny the remainder of the allegations set forth in paragraph 64.

65. The Defendants state that the screen shot print out speaks for itself. To the extent the terms of the screen shot print out are inconsistent with the allegations in paragraph 65 those allegations are denied.

66. The Defendants state that the Monthly Statement speaks for itself. To the extent the terms of the Mortgage Statement are inconsistent with the allegations in paragraph 66 those allegations are denied.

67. The Defendants admit that Bowen has made payments since his reinstatement. The Defendants deny the remainder of the allegations set forth in paragraph 67.

68. The Defendants admit that Ditech issued a letter dated March 17, 2015. The Defendants state that the letter speaks for itself. To the extent the terms of the letter are inconsistent with the allegations set forth in paragraph 68, those allegations are denied.

69. The Defendants state that the loan modification agreement speaks for itself. To the extent the terms of the loan modification agreement are inconsistent with the allegations set forth in paragraph 69, those allegations are denied.

70. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 70.

ME1 22587866v.1

71.     The Defendants state that the letter speaks for itself.  To the extent the terms of the letter are inconsistent with the allegations set forth in paragraph 71, those allegations are denied.

72.     The Defendants state that the May 6, 2016 reinstatement quote speaks for itself. To the extent the terms of the May 6, 2016 reinstatement quote are inconsistent with the allegations set forth in paragraph 72, those allegations are denied.

73.     The Defendants deny the allegations set forth in paragraph 73.

74.     The Defendants deny the allegations set forth in paragraph 74.

75.     The Defendants deny the allegations set forth in paragraph 75.

76.     The Defendants admit the allegations set forth in paragraph 76.

77.     The Defendants deny the allegations set forth in paragraph 77.

78.     The Defendants admit that Bowen made a payment of $960.41.  The Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 78.

79.     The Defendants deny the allegations set forth in paragraph 79.

80.     The Defendants deny the allegation set forth in paragraph 80.

81.     The Defendants deny that they caused any of the alleged issues identified in paragraph 81.  The Defendants are without knowledge or information sufficient to form a belief regarding the remaining allegations in paragraph 81.

## V.     CLAIMS

### COUNT I
### Fraud/Fraudulent Misrepresentation

82.     The Defendants repeat and incorporate by reference their responses to paragraphs 1 to 81 as if fully set forth herein.

83. The Defendants deny the allegations set forth in paragraph 83.

84. The Defendants deny the allegations set forth in paragraph 84.

85. The Defendants deny the allegations set forth in paragraph 85.

86. The Defendants deny the allegations set forth in paragraph 86.

87. The Defendants deny the allegations set forth in paragraph 87.

88. The Defendants deny the allegations set forth in paragraph 88.

## COUNT II
### Violation of the Maine Unfair Trade Practices Act 5 M.R.S.A. 205A et seq.

89. The Defendants repeat and incorporate by reference their responses to paragraphs 1 to 88 as if fully set forth herein.

90. The Defendants deny the allegations set forth in paragraph 90.

91. The Defendants deny the allegations set forth in paragraph 91.

92. The Defendants deny the allegations set forth in paragraph 92.

93. The Defendants deny the allegations set forth in paragraph 93.

## COUNT III
### Violation 32 M.R.S.A. 11001 et seq.; Maine Fair Debt Collection Practices Act

94. The Defendants repeat and incorporate by reference their responses to paragraphs 1 to 93 as if fully set forth herein.

95. Paragraph 95 sets forth a conclusion of law to which no response is required. To the extent a response is required, the allegations set forth in paragraph 95 are denied.

96. The Defendants deny the allegations set forth in paragraph 96.

97. The Defendants deny the allegations set forth in paragraph 97.

98. The Defendants deny the allegations set forth in paragraph 98.

ME1 22587866v.1

## COUNT IV
## Violation of 15 U.S.C. 1692 et seq.; Fair Debt Collection Practices Act

99. The Defendants repeat and incorporate by reference their responses to paragraphs 1 to 98 as if fully set forth herein.

100. The Defendants deny the allegations set forth in paragraph 100.

101. The Defendants deny the allegations set forth in paragraph 101.

102. The Defendants deny the allegations set forth in paragraph 102.

103. The Defendants deny the allegations set forth in paragraph 103.

## COUNT V
## Violation of the Real Estate Settlement Procedures Act, 12 U.S.C. 2601 et seq.

104. The Defendants repeat and incorporate by reference their responses to paragraphs 1 to 103 as if fully set forth herein.

105. The Defendants admit that Bowen issued a letter on April 3, 2015. In further responding the terms and conditions of that letter speaks for itself. To the extent the terms and conditions of the letter are inconsistent with the allegations set forth in paragraph 105 they are denied.

106. The Defendants deny that the letter was a QWR. The Defendants admit that Green Tree received a letter on August 10, 2015 from Bowen.

107. Paragraph 107 sets forth a conclusion of law to which no response is required.

108. Paragraph 108 sets forth a conclusion of law to which no response is required.

109. The August 20, 2015 letter speaks for itself. To the extent the terms of the letter are inconsistent with the allegations set forth in paragraph 109, those allegations are denied.

110. The Defendants admit that the certain monthly statements included a charge of $35.70. The Defendants deny the remainder of the allegations set forth in paragraph 110.

111. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 111.

112. The Defendants admit that Bowen issued a letter via registered mail to Ditech. The letter speaks for itself. To the extent the terms and conditions of the letter are inconsistent with the allegations set forth in paragraph 112, those allegations are denied.

113. The Defendants admit that Ditech received the letter. The Defendants deny the remainder of the allegations set forth in paragraph 113.

114. The Defendants admit the allegations set forth in paragraph 114.

115. The Defendants admit that the monthly billing statement dated November 7, 2015 included a charge for $35.70. The Defendants deny the remainder of the allegations set forth in paragraph 115.

116. The Defendants state that the on-line account screen shot speaks for itself. To the extent the terms of the on-line screen shot are inconsistent with the allegations set forth in paragraph 116, those allegations are denied.

117. The Defendants admit that Ditech issued a letter dated December 9, 2015 but deny the remaining allegations. The Defendants further respond by stating that the letter speaks for itself. To the extent the terms of the letter are inconsistent with the allegations set forth in paragraph 117, those allegations are denied.

118. The Defendants state that the December 9, 2015 letter speaks for itself. To the extent the terms of the letter are inconsistent with the allegations set forth in paragraph 118, those allegations are denied.

119. The Defendants deny the allegations set forth in paragraph 119.

120. The Defendants deny the allegations set forth in paragraph 120.

121. The Defendants admit that the March 2016 payment was held in an unapplied funds account. The remaining allegations set forth in paragraph 121 are denied.

122. The Defendants deny the allegations set forth in paragraph 122.

123. The Defendants deny the allegations set forth in paragraph 123.

124. The Defendants deny the allegations set forth in paragraph 124.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Plaintiff has failed to state a claim upon which relief may be granted

### SECOND AFFIRMATIVE DEFENSE

The Plaintiff has failed to plead fraud with particularity

### THIRD AFFIRMATIVE DEFENSE

The Fair Debt Collection Practices Act are not applicable to a servicer

WHEREFORE, the Defendants respectfully request that this Court,

(a)      dismiss the claims against them with prejudice;

(b)      award them their costs including attorneys' fees; and

(c)      grant such other relief as the court deems appropriate.

Respectfully submitted at Portland, Maine this 3rd day of June 2016,

DITECH FINANCIAL LLC,
FEDERAL NATIONAL MORTGAGE ASSOCIATION

By its attorney,

/s/*Paul J. Greene*
Paul J. Greene, Esq., Maine Bar No. 4204
GLOBAL SPORTS ADVOCATES, LLC
One Monument Way, Suite 426
Portland, Maine 04101
T: (207) 747-5899
F: (207) 773-8832
pgreene@globalsportsadvocates.com

CERTIFICATE OF SERVICE

       I, Paul J. Greene, hereby certify that on June 3, 2016, I electronically filed Defendants' Answer to the Complaint and served the same upon counsel for Plaintiff addressed as follows:

Andrea Bopp Stark
MOLLEUR LAW OFFICE
465 Congress Street, Suite 302
Portland, ME 04101
(207) 283-3777
andrea@molleurlaw.com


       Dated at Portland, Maine this 3rd day of June 2016.

DITECH FINANCIAL LLC,
FEDERAL NATIONAL MORTGAGE
ASSOCIATION

By its attorney,

/s/*Paul J. Greene*
Paul J. Greene, Esq., Maine Bar No. 4204
GLOBAL SPORTS ADVOCATES, LLC
One Monument Way, Suite 426
Portland, Maine 04101
T: (207) 747-5899
F: (207) 773-8832
pgreene@globalsportsadvocates.com