UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MARK A. BOWEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 2:16-cv-00195-JAW |
| | ) |
| DITECH FINANCIAL LLC, f/d/b/a/ | ) |
| GREEN TREE SERVICING LLC, | ) |
| and FEDERAL NATIONAL | ) |
| MORTGAGE ASSOCIATION, | ) |
| | ) |
| Defendants. | ) |

**INTERIM ORDER ON MOTION TO SEAL**

This civil action is tentatively set for trial beginning January 2, 2018. On November 16, 2017, Ditech Financial LLC and Federal National Mortgage Association (Defendants) filed an unopposed motion to seal their motion in limine in which they seek to preclude Mark Bowen from offering any evidence "up through and including the parties' April 24, 2015 Settlement Agreement—with the exception of the Modification Agreement, the Note, the Mortgage, and the Assignment of Mortgage—and from eliciting any testimony or making any argument related to pre-settlement conduct." *Unopposed Mot. to Seal a Mot.* in Limine (ECF No. 139) (*Defs.' Mot.*); *Defs.' Mot.* Attach. 1 *Defs.' Mot.* in Limine *to Exclude Pre-Settlement and Settlement Evid.*, at 1 (*Mot. in Limine*).

Putting aside for the moment the merits of the motion, the Court is concerned about whether sealing the motion, even though such sealing is unopposed, would

violate *United States v. Kravetz*, 706 F.3d 47 (1st Cir. 2013). In *Kravetz*, the First Circuit explained that civil discovery materials do not implicate the public's common law or the constitutional right of access so long as the materials are "neither introduced as evidence at trial nor submitted to the court as documentation in support of motions or trial papers." *Id.* at 55. However, once a party in a civil case presents to the court documents relevant to the determination of the litigants' substantive rights and asks the court to consider those documents for purposes of rendering a judicial decision, they become documents to which the presumption of public access applies. *Id.* at 58 (quoting *FTC v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 409 (1st Cir. 1987)).

Here, in their underlying motion in limine, the Defendants are expressly requesting that the Court rule on whether pre-settlement and settlement evidence is admissible at the upcoming trial. The Defendants are asking the Court to issue a ruling, itself presumptively public, and yet to sequester from public access the motion, the response, the reply, and the documents underlying the Court's decision. The Court cannot square the motion to seal with *Kravetz*.

As the case is set for trial, it has gone beyond the discovery phase. The memoranda and the evidence sought to be sealed thus appear to fit within the definition of "judicial records", which the *Kravetz* Court described as those documents "relevant to the determination of the litigants' substantive rights," which may "'fairly be assumed to play a role in the court's deliberations.'" *Kravetz*, 706 F.3d at 58 (quoting *Standard Financial*, 830 F.2d at 409); *Id.* at 59 n.9 ("a document submitted

2

to a court for the purpose of influencing [an] adjudicatory proceeding ordinarily would be subject to the presumption"). These documents, once "submitted to, and accepted by, a court of competent jurisdiction in the course of adjudicatory proceedings, become documents to which the presumption of access applies." *Id.* at 58 (quoting *FTC v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 409 (1st Cir. 1987)).

Based on its understanding of *Kravetz*, the Court is concerned that to grant the relief requested in the Defendants' unopposed motion would be contrary to First Circuit authority. Accordingly, the Court ORDERS the parties, both Defendants and the Plaintiff, to file with the Court a memorandum within ten days of the date of this Order, addressing First Circuit authority on the issue of sealing the motion in limine and the documents and evidence on which the motion in limine is based.[1]

---

[1] In its motion, the Defendants say that the Court "previously sealed this document in connection with the parties' Motions for Summary Judgment." *Def.'s Mot.* at 2. Maybe so. But it is important to note some differences. First, the Defendants now are requesting that the Court seal the entire motion, not just the documents underlying the motion.

Second, the Magistrate Judge's order that sealed the documents in this case required the parties to file redacted copies of the sealed documents, making public portions of the documents. *Order* (ECF No. 96). This is in keeping with the Court's frequent treatment of documents that contain confidential business information not germane to the underlying motion. The Court will often seal the confidential portion of such documents because that portion overcomes the presumption of public access precisely because it contains such information. *See In re Gitto Corp.*, 422 F.3d 1, 6 (1st Cir. 2005) (approvingly citing examples of courts curtailing the common law presumption of public access for reasons including "to prevent judicial records from being . . . sources of business information that might harm a litigant's competitive standing"). Here, the Defendants' motion makes no provision for unsealing any portion of the motions or the documents; it is a wholesale sealing motion. The public would therefore have a court order without any basis to evaluate the order. Third, if the parties elect to redact portions of the documents, the Court needs to be convinced that any portion of the memoranda and evidence has overcome the presumption of common law access. In their March 10, 2017 joint motion to seal, the parties said that the documents should be sealed because they had agreed to keep them confidential. *Jt. Mot. to Seal Docs. and Pleadings* at 1-2 (ECF No. 80). This may be a valid reason for maintaining confidentiality during the discovery phase, but it is not a valid reason for maintaining confidentiality as trial approaches, where the Defendants have asked the Court to rule (publicly) on the admissibility of the documents themselves. Next, in their March 10, 2017 joint motion, the parties claim that some of the documents contain "non-public, confidential and proprietary business and financial information, which Ditech seeks to prevent their competitors from acquiring." *Id.* at 2. The Court is not clear whether this asserted basis for sealing is applicable to the documents referred to in the motion to seal. However, if the parties are claiming that a proprietary information

3

SO ORDERED.

                                          <u>/s/ John A. Woodcock, Jr.</u>
                                          JOHN A. WOODCOCK, JR.
                                          UNITED STATES DISTRICT JUDGE

Dated this 27th day of November, 2017

---

exception to the presumption of public access applies, they will have to do a much better job of convincing the Court that it does.
     The Court anticipates the parties will address these issues in their supplemental memoranda.